## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

BLUE OCEAN INTERNATIONAL BANK LLC,

**Plaintiff**,

v.

GOLDEN EAGLE CAPITAL ADVISORS, INC.,

**Defendant**.

**Civil No.** 19-1178 (FAB)

## OPINION AND ORDER

BESOSA, District Judge.

Defendant Golden Eagle Capital Advisors, Inc. ("Golden Eagle") moves to dismiss this litigation pursuant to Federal Rule of Civil Procedure 12(b)(6) or, alternatively, to transfer venue to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. section 1404(a). (Docket No. 10.) For the reasons set forth below, the Court **GRANTS** Golden Eagle's motion to transfer. Its motion to dismiss is, therefore, **MOOT**.

## I. Background

Blue Ocean International Bank LLC ("Blue Ocean") is an international finance institution. (Docket No. 8, Ex. 1 at p. 1.) It is anchored in Puerto Rico, being organized pursuant to the laws of Puerto Rico with a physical address in San Juan, Puerto

Rico.  <u>Id.</u>  Its sole member, Gilles Rollet, is a citizen across

the pond in the Republic of France.  (Docket No. 1 at p. 4.)

    Golden Eagle is an investment advisor.  (Docket No. 8, Ex. 1

at p. 2.)  It nests in New York, being organized pursuant to the

laws of the State of New York and having its principal place of

business is in New York City.  (Docket No. 1 at p. 5.)

    This action stems from a contractual relationship for

investment advisory services between Golden Eagle and Blue Ocean.

<u>See</u> Docket No. 8, Ex. 1 at p. 2.  Blue Ocean alleges that Golden

Eagle breached the parties' contract, its fiduciary duty under

federal law, and other obligations under Puerto Rico law.  <u>Id.</u> at

pp. 6-9.  Blue Ocean seeks reimbursement of fees in an amount not

less than $169,482.92 and damages in an amount not less than

$250,000.[1]  <u>Id.</u> at 9.

---

[1] Golden Eagle invokes this Court's diversity jurisdiction, alleging complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000.  (Docket No. 1 at pp. 3-5 (citing 28 U.S.C. §§ 1332, 1441(a))).  The Court is satisfied that, based on the representations in Golden Eagle's notice of removal, diversity jurisdiction exists in this civil action.

The parties' contractual relationship includes choice of law and forum selection clauses.[2] (Docket No. 12, Ex. 2 at p. 25.) The associated provision, entitled "Governing Law; Consent to Jurisdiction," states,

> Notwithstanding the place where this Investor Questionnaire and Customer Identification Form may be executed by any of the parties hereto, the parties expressly agree that all the terms and provisions hereof shall be construed under the laws of United States and the State of New York, without giving effect to the conflict of laws rules thereof, and, without limitation thereof, that the Investment Company Act of 1940 as now in effect or as hereafter amended, shall govern the Investment Account Client Mandate aspects of this Investor Questionnaire and Customer Identification Form. Any action or proceeding brought by the Investment Advisor or any of their respective owners, shareholders, partners, officers, clients, Managers and any of their respective affiliates (each, an "Indemnified Party") against one or more Clients or the Investment Advisor relating in any way to this Investor Questionnaire and Customer Identification Form or the Investment Account Client Mandate may, and any action or proceeding brought

---

[2] The choice of law and forum selection clauses were not specifically referenced in Blue Ocean's complaint. See Docket No. 8, Ex. 1. Ordinarily, in evaluating a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "the district court may properly consider only facts and documents that are part of or incorporated into the complaint." Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 321 (1st Cir. 2008). There are exceptions to that rule, however, "for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001) (internal quotation marks and citation omitted). Here, Golden Eagle filed the document in which the clauses appear contemporaneously with its motion to dismiss or transfer. See Docket No. 12, Ex. 2 at p. 25. No party disputes the authenticity of that document. Furthermore, the document in which the clauses appear is central to Blue Ocean's claims, including its claim for breach of contract. See Docket No. 8, Ex. 1 at pp. 2, 6–9. The complaint also references the agreement between the parties, see id., and the document in which the clauses appear is part of that agreement., see Docket No. 12, Ex. 2 at p. 16. Accordingly, the Court will consider the document and the clauses in it. Alternative Energy, 267 F.3d at 33.

by any other party against any Indemnified Party or the
Investment Advisor relating in any way to this Agreement
or the Investment Account Client Mandate shall, be
brought and enforced in the courts of the State of New
York or (to the extent subject matter jurisdiction
exists therefor) in the courts of the United States
located in the State of New York and the Investor and
the Investment Advisor irrevocably submit to the
jurisdiction of both such state and federal courts
selected by the Investment Advisor to pursue any such
action or proceeding.  The Investor and the Investment
Advisor irrevocably waive, to the fullest extent
permitted by law, any objection that they may now or
hereafter have to laying the venue of any such action or
proceeding in the courts of the State of New York or in
the courts of the United States located in the State of
New York and any claim that any such action or proceeding
brought in any such court has been brought in an
inconvenient forum.

Id.

Golden Eagle bases its motion for dismissal or transfer on

the forum selection clause.  According to Golden Eagle, the forum

selection clause is a mandatory provision evincing the parties'

intent to lay exclusive jurisdiction in New York State courts or

the federal courts in New York.  (Docket No. 10 at pp. 7–8; Docket

No. 16, Ex. 1 at pp. 2–6.)  Enforcement of the forum selection

clause is not unreasonable, Golden Eagle continues, because the

dispute is not "essentially local" to Puerto Rico, New York is not

an alien forum, litigating in New York will not deprive Blue Ocean

of its day in court, and Golden Eagle has a legitimate interest in

concentrating litigation in its home state.  (Docket No. 16, Ex. 1

at p. 9.)

Blue Ocean opposes the motion to dismiss or transfer. According to Blue Ocean, the forum selection clause is permissive, not mandatory, and evinces only that state or federal courts in New York are permissible, not exclusive, venues. (Docket No. 15 at pp. 4-7.) Even if the forum selection clause is mandatory, Blue Ocean argues, its enforcement is unreasonable and unjust because litigating in Puerto Rico would be more cost effective and convenient for both parties. Id. at p. 7-9. Finally, Blue Ocean submits that, if the forum selection clause is mandatory and not unreasonable or unjust, the Court should decline to dismiss the action and instead transfer the case as requested by Golden Eagle. Id. at p. 9-10.

## II. Discussion

### A. Application of Federal Law to Enforcement and Interpretation of Forum Selection Clause

In their briefing on Golden Eagle's motion, both parties only apply federal law. If the Court is to do the same, two questions must be addressed. First, since this suit is based upon diversity of citizenship, does federal common law or Puerto Rico law govern enforceability of the forum selection clause? See generally Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938). Second, how, if at all, does the parties' choice of law clause

affect the law to be applied in interpreting or enforcing the forum selection clause?

The first question does not require resolution. As the First Circuit Court of Appeals has explained, the Court "need not reach the unsettled issue of whether 'forum selection clauses are to be treated as substantive or procedural for Erie purposes'" because "'there is no conflict between federal common law and Puerto Rico law regarding the enforceability of forum-selection clauses.'" Rivera v. Centro Médico de Turabo, Inc., 575 F.3d 10, 16 (1st Cir. 2009) (quoting Silva v. Encyclopedia Britannica Inc., 239 F.3d 385, 386 n.1 (1st Cir. 2001); Lambert v. Kysar, 983 F.2d 1110, 1116 (1st. Cir. 1993)).

The second question also appears unresolved by the First Circuit Court of Appeals. This Court has not identified any decisions by the First Circuit Court of Appeals squarely addressing the issue. Some cases, however, are instructive. In Huffington v. T.C. Grp., LLC, 637 F.3d 18, 21 (1st Cir. 2011), the court held that "[u]nder the choice of law clause, the agreement itself— necessarily including the forum selection clause—is . . . governed by Delaware law." By contrast, in Silva, 239 F.3d at 388-89, the court applied federal law to the interpretation and enforcement of a forum selection clause despite the parties' choice of Illinois law and Illinois courts. Similarly, in Autoridad de Energía

Eléctrica de Puerto Rico v. Ericsson Inc., 201 F.3d 15, 18 (1st Cir. 2000), the court noted the parties' choice of law clause specifying Puerto Rico law, as well as their agreement in litigation positions "that Puerto Rico law governs the contract interpretation question," but found the outcome of an interpretation question concerning the forum selection clause determined by its own precedent.  In Intercall Telecomms., Inc. v. Instant Impact, Inc., 376 F. Supp. 2d 155, 158–59 (D.P.R. 2005) (García-Gregory, J.), the court applied federal law to the interpretation of a forum selection clause while mentioning, but not applying, the parties' mandatory choice of law clause.  The Intercall court also noted, in response to an argument that the court should first determine the validity of the disputed contract before turning to the forum selection clause therein, that "a forum selection clause is deemed to be separate from, and independent of, the contract containing it."  Id. at 160.

     The effect of a choice of law clause on interpretation of a forum selection clause has generated conflict in the cases and commentary.  Federal circuit courts of appeal are split on the answer.  Compare Martinez v. Bloomberg LP, 740 F.3d 211, 222 (2d Cir. 2014) ("[Q]uestions of enforceability are resolved under federal law, while interpretive questions—questions about the meaning and scope of a forum selection clause—are resolved under

the substantive law designated in an otherwise valid contractual choice-of-law clause."), with Manetti-Farrow, Inc. v. Gucci Am., Inc., 858 F.2d 509, 513 (9th Cir. 1988) (citation omitted) ("[T]he federal rule announced in The Bremen controls enforcement of forum clauses in diversity cases.  Moreover, because enforcement of a forum clause necessarily entails interpretation of the clause before it can be enforced, federal law also applies to interpretation of forum selection clauses.").  Commentators, too, suggest different approaches.  See, e.g., Kevin M. Clermont, Governing Law on Forum-Selection Agreements, 66 Hastings L.J. 643, 643 (2015) (suggesting that courts apply lex fori to enforceability of a forum selection clause while applying the parties' chosen law to the clause's interpretation); Jason Webb Yackee, Choice of Law Considerations in the Validity & Enforcement of International Forum Selection Agreements: Whose Law Applies?, 9 UCLA J. Int'l L. & Foreign Aff. 43, 46, 84–88 (2004) (arguing that the parties' chosen law should govern enforceability and validity of a forum selection clause).

In this case, there are a few reasons why the Court will apply federal law to the interpretation and enforcement of the forum selection clause.  First, the parties' choice of law clause states that "all the terms and provisions hereof shall be construed under the laws of United States and the State of New York." (Docket

No. 12, Ex. 2 at p. 25.)  Thus—even if the First Circuit Court of Appeals decreed that the parties' chosen law must control the interpretation or enforcement of a forum selection clause— according to the parties' agreement, interpretation of the forum selection clause pursuant to federal law is appropriate.

Second, by its example, Silva, 239 F.3d at 388-89, sanctions the application of federal law to interpretation and enforcement of a forum selection clause in an agreement which also contains a choice of another jurisdiction's law.  So too does Ericsson, 201 F.3d at 18.

Finally, in their briefing on the motion before the Court, the parties singularly apply federal law.  See Docket Nos. 10, 15, & 16.  The parties' focus on federal law is another reason to rely on federal law in interpreting the forum selection clause. See, e.g., Martinez, 740 F.3d at 223 (alterations in original) (quoting Phillips v. Audio Active Ltd., 494 F.3d 378, 386 (2d Cir. 2007)) ("Just as parties are free, via a choice-of-law clause, to select the law to govern the interpretation of a forum selection clause, nothing prevents the parties in litigation from choosing not to 'rely on any distinctive features of [the selected law] and [instead to] apply general contract law principles and federal precedent to discern the meaning and scope of the forum clause.'"); Huffington, 637 F.3d at 21 (interpreting forum selection clause

according to "plain language, attributed purpose, available precedent, and any background policy considerations that may bear" because, although the parties' choice of law clause provides that the forum selection clause is governed by Delaware law, "the parties do not claim that Delaware law varies from ordinary contract principles").

### B.    Legal Standard

A motion to dismiss based on a forum selection clause is regarded in the First Circuit as a motion alleging the failure to state a claim for which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Claudio-De León v. Sistema Universitario Ana G. Méndez, 775 F.3d 41, 46 & n.3 (1st Cir. 2014). See generally Atl. Marine Constr. Co., Inc. v. U.S. District Court, 571 U.S. 49, 61 (2013) (declining to address whether a defendant in a breach-of-contract action should be able to obtain dismissal under Rule 12(b)(6) if the plaintiff files suit in a district other than the one specified in a valid forum-selection clause). In these cases, "the district court must 'accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor, and determine whether the complaint, so read, limns facts sufficient to justify recovery on any cognizable theory.'" Rivera, 575 F.3d at 15

(quoting LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 508 (1st Cir. 1998)).

Motions to transfer venue are governed by, *inter alia*, 28 U.S.C. section 1404(a).  Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1404(a).  Section 1404(a) does not condition transfer to cases where venue is improper in the transferor court.  Atl. Marine, 571 U.S. at 59.  A valid forum selection clause pointing to a federal district may be enforced through section 1404(a). Id.

Courts adjudicate motions to transfer pursuant to section 1404(a) "according to an individualized, case-by-case consideration of convenience and fairness."  Astro-Med, Inc. v. Nihon Kohden Am., Inc., 591 F.3d 1, 12 (1st Cir. 2009) (internal quotation marks omitted.)  There are a host of private and public factors that ordinarily bear on the analysis.  Atl. Marine, 571 U.S. at 62 n.6 (collecting illustrative list of factors.)  The party seeking transfer must usually overcome "a strong presumption in favor of the plaintiff's choice of forum."  Coady v. Ashcraft & Gerel, 223 F.3d 1, 11 (1st Cir. 2000).

A valid forum selection clause modifies the conventional section 1404 analysis in three respects.  Atl. Marine, 571 U.S. at 63.  First, the party opposing transfer pursuant to the clause shoulders the "burden of establishing that transfer to the forum for which the parties bargained is unwarranted."  Id.  Second, a forum selection clause precludes "arguments about the parties' private interests," including "the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses."  Id. at 64.  Accordingly, the Court may only consider public interest factors, which "rarely defeat a transfer motion."  Id.  Third, the jurisdiction identified in the forum selection clause "should not apply the law of the transferor venue to which the parties waived their right."  Id. at 65.

Section 1404(a) requires a valid forum-selection clause be "'given controlling weight in all but the most exceptional cases.'"  Id. at 59-60 (quoting Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 33 (1988) (Kennedy, J., concurring)).  Where there is a valid forum selection clause, "[o]nly under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied."  Id. at 62.

A key question, then, arises as to when a forum selection clause is valid.  In the First Circuit, there are three steps to

determining the enforceability of a forum selection clause pursuant to federal law. Autoridad de Energía Eléctrica de Puerto Rico v. Vitol S.A., 859 F.3d 140, 145 (1st Cir. 2017).

The threshold question on enforceability concerns whether the clause is mandatory or permissive. Id. "Permissive forum selection clauses . . . authorize jurisdiction and venue in a designated forum, but do not prohibit litigation elsewhere. . . . In contrast, mandatory forum selection clauses contain clear language indicating that jurisdiction and venue are appropriate exclusively in the designated forum." Id. (alterations in original) (internal quotation marks omitted).

The next question on enforceability of a forum selection clause centers on the clause's scope. Id. Focusing on the language of the clause itself, a court must determine whether the clause encompasses the claims before the court. Id.

Finally, a forum selection clause's enforceability depends on whether "a strong showing" has been made that the clause should not be enforced. Id.; see also Claudio-de León, 775 F.3d at 48 (quoting M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972)) ("A forum selection clause is 'prima facie valid' and, absent a 'strong showing' by the resisting party that the clause is '"unreasonable" under the circumstances,' it should not be set aside."). The First Circuit Court of Appeals has identified a

quartet of reasons—known as the Bremen factors—why a forum
selection clause may be unenforceable:

> (1) the clause is the product of fraud or overreaching;
> (2) enforcement is unreasonable and unjust; (3) its
> enforcement would render the proceedings gravely
> difficult and inconvenient to the point of practical
> impossibility; or (4) enforcement contravenes "a strong
> public policy of the forum in which suit is brought,
> whether declared by statute or judicial decision."

Vitol, 859 F.3d at 145-46; Carter's of New Bedford, Inc. v. Nike,
Inc., 790 F.3d 289, 292 (1st Cir. 2015).[3]

## C.   Enforceability of Forum Selection Clause

### 1.   Permissive or Mandatory

The precise wording of a forum selection clause
largely determines whether it is mandatory or permissive.  See
Silva, 239 F.3d at 388-89.  The presence of typically mandatory
terms like shall, will, must, exclusive, or only may be sufficient
for a finding that a clause is mandatory, see, e.g., Claudio-De
León, 775 F.3d at 46-47; Summit Packaging Sys., Inc. v. Kenyon &
Kenyon, 273 F.3d 9, 12-13 (1st Cir. 2001) Silva, 239 F.3d at 389,
but their presence is not necessary for such a finding, Rivera,
575 F.3d at 17 n.5.  By contrast, language merely constituting an
affirmative conferral of personal jurisdiction by consent is

---

[3] This Court assumes, as did the court of appeals in Carter's, 790 F.3d at 292
n.3, the continued applicability of the four-reasons test.  There is no need to
consider whether a more stringent test is required after Atlantic Marine
because, as discussed below, the forum selection clause in this case is
enforceable under the Bremen factors.

insufficient to make a clause mandatory.  <u>Ericsson</u>, 201 F.3d at

18–19.  A forum selection clause can be mandatory even where it

identifies two possible *fora*.  <u>Summit Packaging</u>, 273 F.3d at 12–

13.

> The forum selection clause in this case is
mandatory as applied to Blue Ocean.  According to the clause,

> any action or proceeding brought by [Blue Ocean] against
> [Golden Eagle] . . . shall, be brought and enforced in
> the courts of the State of New York or . . . in the
> courts of the United States located in the State of New
> York.

(Docket No. 12, Ex. 2 at p. 25.)  The use of the term "shall"

strongly suggests the clause is mandatory and excludes the

possibility of Blue Ocean bringing suit in other *fora*.  <u>Claudio-</u>

<u>De León</u>, 775 F.3d at 46–47; <u>Summit</u>, 273 F.3d at 12–13; <u>Silva</u>, 239

F.3d at 389.

> Another sign that the forum selection clause is

mandatory comes from the contrast between the provision relating

to Golden Eagle and the provision relating to Blue Ocean.  Pursuant

to the clause, Golden Eagle "may" sue in New York or the federal

courts there located, while Blue Ocean "shall" sue in those *fora*.

(Docket No. 12, Ex. 2 at p. 25.)  The Court does not balkanize

contracts for interpretive purposes, <u>Smart v. Gillette Co. Long-</u>

<u>Term Disability Plan</u>, 70 F.3d 173, 179 (1st Cir. 1995), and gives

effect to meaningful variation in a contract, <u>see</u> <u>Systemized of</u>

New Eng., Inc. v. SCM, Inc., 732 F.2d 1030, 1034 (1st Cir. 1984).
The word "may" is often thought to be discretionary when contrasted
with the word "shall." Jama v. Immigration & Customs Enf't, 543
U.S. 335, 346 (2005). Here, giving effect to the variation between
"may" and "shall" requires that the forum selection clause is
permissive as it relates to Golden Eagle and mandatory as it
relates to Blue Ocean.

        The variation between "may" and "shall" in the
forum selection clause is relevant for another related reason. As
the Rivera court explained, there is a difference between a clause
by which a party "consent[s] to the exercise of jurisdiction over
themselves as defendants" and a clause that "require[s] [a party]
to assert any causes of action that he may have" in a designated
forum. 575 F.3d at 18. The difference in context is
determinative, the court explained, because the latter type of
clause is mandatory. Id. Here, by agreeing to the provision
stating that Golden Eagle "may" sue in the designated fora, (Docket
No. 12, Ex. 2 at p. 25,) Blue Ocean consented to the exercise of
jurisdiction over itself as a defendant in those fora, Rivera, 575
F.3d at 18. But Blue Ocean also agreed that it "shall" sue Golden
Eagle in the designated fora, (Docket No. 12, Ex. 2 at p. 25,)
constituting its agreement to a clause requiring it to assert any
causes of action in the designated fora, Rivera, 575 F.3d at 18.

This is one more reason why the Court must find the forum selection clause to be mandatory.  Id.

It is true, as Blue Ocean notes, that ambiguous contracts may be construed against the drafting party.  See, e.g., LFC Lessors, Inc. v. Pac. Sewer Maint. Corp., 739 F.2d 4, 7–8 (1st Cir. 1984).  For the reasons discussed above, however, the forum selection clause in the agreement is not ambiguous.  Rather, the clause is unambiguously mandatory as applied to Blue Ocean. Therefore, Blue Ocean is bound by the mandatory nature of the forum selection clause.  Rivera, 575 F.3d at 19.

## 2.  Scope of Forum Selection Clause

Blue Ocean does not argue that the forum selection clause fails to encompass its claims.  This reason may be enough to find for Golden Eagle on this issue.  Rafael Rodríguez Barril, Inc. v. Conbraco Indus., Inc., 619 F.3d 90, 93 (1st Cir. 2010) ("Anyway, [the party resisting dismissal] does not dispute that its suit falls within the terms of the forum selection clause.").

Yet it is clear that Blue Ocean's claims fall within the scope of the forum selection clause.  The clause broadly encompasses "any action or proceeding brought by [Blue Ocean] . . . relating in any way" to the parties' agreement. (Docket No. 12, Ex. 2 at p. 25.)  The Court need not chart the outer bounds of that phrase to determine that Blue Ocean's claims—

breach of contract, breach of fiduciary duty, and breach of Puerto

Rico law regarding the collection and undue payments--fit

comfortably within it.  Other courts have reached conclusions to

the same effect when presented with similarly broad language.  <u>See,

e.g.</u>, <u>Carter's</u>, 790 F.3d at 293 (emphasis in original)

(characterizing as "unambiguously broad" a clause applying to "<u>any

action</u> arising out of or in connection with the Agreement");

<u>Huffington</u>, 637 F.3d at 21–23 & 23 n.4 (analyzing clause containing

the phrase "with respect to" and collecting cases construing

broadly similarly embracing language).

### 3.    Reasonableness of Forum Selection Clause

Blue Ocean argues that enforcing the forum

selection clause would be unreasonable and unjust because

litigating in Puerto Rico would be more cost effective and

convenient for both parties.  (Docket No. 15 at pp. 8–9.)

According to Blue Ocean, "[i]t is simply nonsensical to litigate

in cost-prohibitive New York a dispute which could be litigated in

Puerto Rico for a fraction of the price."  <u>Id.</u>  Blue Ocean expressly

waives any argument that the forum selection clause was the product

of fraud or overreaching, or that the clause somehow contravenes

the public policy of the Commonwealth of Puerto Rico.   <u>Id.</u>

Blue Ocean's argument is nowhere near the requisite

"strong showing . . . that the clause is unreasonable under the

circumstances." <u>Claudio-de León</u>, 775 F.3d at 48 (internal quotation marks omitted)(quoting <u>Bremen</u>, 407 U.S. at 10); <u>see</u> <u>Vitol</u>, 859 F.3d at 145. Blue Ocean fails to offer any reason why litigating in New York is too burdensome or a deprivation of an effective forum. <u>Rafael Rodríguez Barril</u>, 619 F.3d at 93. The "unreasonable and unjust" reason for finding a forum clause unenforceable is "more demanding" than mere "convenience." <u>Huffington</u>, 637 F.3d at 24. Furthermore, the forum selection clause does not provide for litigation of an "essentially local dispute" in a forum "alien to <u>all parties</u>" and "largely unconnected with the contractual relations at issue in the case." <u>Lambert</u>, 983 F.2d at 1120. To the contrary, the dispute here is not essentially local, the agreements before the Court were signed in New York, (Docket No. 25, Ex. 3 at p. 12,) and Golden Eagle is a New York corporation with its principal place of business in that state, (Docket No. 1 at p. 5.)

Accordingly, the Court finds the forum selection clause to be enforceable. <u>Vitol</u>, 859 F.3d at 145–46.

**D.    Dismissal or Transfer Pursuant to Forum Selection Clause**

At this juncture, the Court must decide whether the forum selection clause should be enforced pursuant to Federal Rule of Civil Procedure 12(b)(6) or 28 U.S.C. section 1404(a). The forum selection clause offers Blue Ocean the choice of suing in either

state or federal court in New York.  (Docket No. 12, Ex. 2 at
p. 25.)  Ordinarily, this option would weigh towards dismissal to
preserve Blue Ocean's choice under the forum selection clause.
See GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc., 198
F.R.D. 402, 409 (S.D.N.Y. 2001).  Blue Ocean, however, joins Golden
Eagle in requesting transfer to the United States District Court
for the Southern District of New York in the event the Court finds
the forum clause enforceable.  (Docket No. 15 at pp. 9-10.)
Therefore, the Court will consider whether transfer pursuant to
section 1404(a) is appropriate.

        Pursuant to 28 U.S.C. section 1441(a), "the proper venue
of a removed action is the district court of the United States for
the district and division embracing the place where such action is
pending."  Polizzi v. Cowles Magazines, Inc., 345 U.S. 663, 666
(1953) (internal quotation marks omitted); see K-Tex, LLC v. Cintas
Corp., 693 F. App'x 406, 409-10 (6th Cir. 2017); Sweeney v.
Resolution Trust Corp., 16 F.3d 1, 4 (1st Cir. 1994).  This action
was removed from the Puerto Rico Court of First Instance, San Juan
Superior Division, (Docket No. 1 at pp. 1-2,) which is embraced by
this Court.  Therefore, venue in this Court is proper.

        Transfer pursuant to section 1404(a) also requires that
the transferee forum—here, the United States District Court for
the Southern District of New York—is a "district or division where

[this case] might have been brought or . . . [a] district or division to which all parties have consented." 28 U.S.C. § 1404(a). That requirement is easily satisfied here. The parties consented to litigate in the federal courts in New York in their forum selection clause. (Docket No. 12, Ex. 2 at p. 25.) Moreover, in their litigation positions, the parties both request transfer in the event the Court finds the forum clause enforceable. (Docket No. 10 at pp. 10-11; Docket No. 15 at pp. 9-10.) Thus, the United States District for the Southern District of New York is an appropriate destination for transfer. Atl. Marine, 571 U.S. at 59 (quoting 28 U.S.C. § 1404(a)) ("[Section 1404(a)] permits transfer . . . to any other district to which the parties have agreed by contract or stipulation.").

        Finally, the Court must consider whether transfer is warranted based on public interest factors. Id. at 64. "Public-interest factors may include 'the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law.'" Id. at 62 n.6 (alteration in original) (quoting Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 n.6 (1981)). The parties' dispute is not a localized controversy. Public interest

factors "rarely defeat a transfer motion," <u>id.</u>, and this is not one of those rare cases.

## III. Conclusion

For the reasons set forth above, the Court **GRANTS** Golden Eagle's motion to transfer. (Docket No. 10.) Accordingly, this action is **TRANSFERRED** to the United States District Court for the Southern District of New York. Golden Eagle's motion to dismiss is therefore, **MOOT**.

This case is now closed for statistical purposes.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, October 3, 2019.

<u>s/ Francisco A. Besosa</u>
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE